UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NOS. 5:09-CR-00202-02<br>5:15-CV-00265 |
| VERSUS | JUDGE WALTER |
| JIMMIE UNDERWOOD (02) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING & ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence [Doc. #181], pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Jimmie Underwood (02). For the following reasons, the motion is **DENIED**.

## BACKGROUND

On August 27, 2009, a federal grand jury returned a six-count indictment against Underwood and two co-defendants. Underwood was named in each of the following six counts: conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2-5), and forfeiture (Count 6). [Doc. #1]. Trial was set for February 22, 2010. [Docs. ## 60, 74]. On February 3, 2010, the Government filed a notice of prior conviction, which increased Underwood's statutory imprisonment range to twenty years to life, under 21 U.S.C. §§ 841(b)(1)(A) and 851. [Doc. #78]. On February 4, 2010,

Underwood pled guilty to the conspiracy alleged in Count 1 and further acknowledged his increased statutory penalty range. [Doc. #81].[1]

At the time of his guilty plea, Underwood was represented by the Federal Public Defender. [Docs. ## 35, 81]. Thereafter, on February 24, 2010, attorney Jeananne Self enrolled as Underwood's retained counsel. [Doc. #114]. A presentence investigation report ("PSR") was prepared on April 28, 2010, in response to which neither Underwood nor the Government submitted any objections. On June 3, 2010, Underwood was sentenced to the statutory minimum of 240 months' (twenty years) imprisonment, followed by ten years' supervised release. [Doc. #123]. The judgment was entered on June 9, 2010. *Id.* The minutes reflect that Underwood was notified of his right to appeal. [Doc. #122]. No appeal was filed.

The instant motion was filed on February 9, 2015. [Doc. #181]. Despite the admitted untimeliness of his motion, Underwood asserts that he is entitled to equitable tolling and consideration of the merits of his claims for ineffectiveness of counsel against each of his attorneys. [Doc. #181-1]. Underwood also argues that he is entitled to a reduced sentence by retroactive application of Amendment 782 to the United States Sentencing Guidelines, which reduced drug offense levels effective November 1, 2014. *Id.* at pp. 20-25.

## LAW & ANALYSIS

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the

---

[1] Count 1 charged that the conspiracy began "on or about March 1, 2009 and continu[ed] through on or about July 16, 2009," and involved the distribution of "fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance." [Doc. #1, p. 1].

sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citation omitted).

"As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted)). Rather, after a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)). Given that this defendant's conviction became final nearly five years prior to the instant filing, the Court must first address the timeliness of the motion.

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005) (quoting 28 U.S.C. § 2255(f)). As stated, Underwood concedes that his motion is untimely but argues that he is entitled to equitable tolling. [Doc. #181-1, pp. 17-19].[2] "The doctrine of equitable tolling preserves a [petitioner]'s claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The Fifth Circuit has determined that the one-year limitations period in 28 U.S.C. § 2255 is subject to equitable tolling at the discretion of the district court. *See United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir.

---

[2] As explained herein, Underwood's final claim, regarding Amendment 782, is not subject to the same limitations period as his claims for ineffectiveness of counsel and will be addressed separately.

2002). "In applying the doctrine of equitable tolling, [courts] must examine the facts and circumstances of each particular case." *Id.* at 230. "Equitable tolling is permissible only in 'rare and exceptional circumstances.'" *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

Underwood bears the burden of establishing that equitable tolling is appropriate. *See United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). He "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion. *Id.* (quoting *Lawrence v. Florida*, 549 U.S. 327 (2007)).

Here, Underwood asserts that he is entitled to equitable tolling because of the "serious misconduct" of retained attorney Jeananne Self, in failing to file a direct appeal and in otherwise abandoning his case. Underwood offers little substantive argument in favor of equitable tolling; instead, he submits two attachments and concludes that he has met his burden. The first attachment is a "Ruling of Arbitrator," dated June 10, 2014, which indicates that Underwood and his family successfully sought a partial refund of the $10,000.00 flat fee retainer paid to attorney Self for her representation of Underwood in this matter, another state criminal proceeding, and a civil proceeding against Underwood's former brother-in-law. [Doc. #181-2, pp. 1-10]. The dispute before the arbitrator envelopes Underwood's instant ineffectiveness arguments against attorney Self, as they relate to the compensation she received for her services or lack thereof. The arbitrator's ruling states that, even if attorney Self's representation was adequate, her "unwillingness and/or inability to properly communicate with her clients [gave] Mr. Underwood and his family a basis for complaint." *Id.* at p. 7. Ultimately, the arbitrator found that attorney Self failed to meet her burden in proving the reasonableness of her fee and ordered that $6,250.00 of the retainer be returned to Underwood. *Id.* at pp. 9-10. The second attachment is a

letter, ostensibly written by Underwood's sister and dated January 23, 2013, which purports to explain the underlying facts and circumstances surrounding the attorney-client dispute before the arbitrator. [Doc. #181-2, pp. 11-16].

It is clear that Underwood relies solely on his allegations of attorney Self's "serious misconduct" as the basis for his entitlement to equitable tolling. However, the Fifth Circuit has held "that mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Furthermore, it is a "longstanding rule that prisoners are not entitled to counsel during habeas proceedings and thus cannot state a claim for ineffective assistance during those proceedings." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). "Moreover, a petitioner's ignorance or mistake is insufficient to warrant equitable tolling." *Id.* (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Accordingly, it is clear that, regardless of Underwood's underlying disputes with his attorney, any error or neglect on the part of counsel cannot justify equitable tolling of the limitations period within which post-conviction relief would have been available to Underwood, whether proceeding *pro se* or with counsel.

Again, it is important to note that the standard for equitable tolling requires that Underwood show both diligence and extraordinary circumstances. *Holland v. Taylor*, 560 U.S. 631, 649 (2010). He has shown neither. "[A]ttorney abandonment . . . does not, by itself, excuse [a] petitioner from his duty of diligence." *United States v. Rodriguez*, 858 F.3d 960, 963 (5th Cir. 2017) (citation omitted).[3] Fifth Circuit "precedent instructs that petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation."

---

[3] "[B]ecause of the similarity of the actions brought pursuant to §§ 2254 and 2255, the federal courts have read them in pari materia as long as the context did not render it improper." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998)).

*Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012). In *Manning,* the Fifth Circuit found that petitioner had failed to show "due diligence" when "he relied on his appointed counsel to comply with all applicable statute of limitations" for a period of nineteen months. *Id.* at 185-86. "Complete inactivity in the face of no communication from counsel does not constitute diligence." *Id.* at 186. Here, Underwood does not even claim that he was relying on attorney Self, or any other attorney for that matter, to timely pursue post-conviction relief on his behalf. Yet, for nearly five years, the record reflects that Underwood took no action before this Court.

The evidence submitted in support of the instant motion does not require a hearing. Underwood simply has not provided any basis upon which this Court might find that he has diligently pursued his rights or that he was somehow prevented from timely filing the instant motion. Accordingly, Underwood's claims for ineffective assistance of counsel are time-barred. Underwood's only remaining claim is one for retroactive application of Amendment 782 to the United States Sentencing Guidelines.

Underwood's final claim arises under 18 U.S.C. § 3582(c)(2) and seeks a recalculation of his offense level and resulting guideline range. However, "[a] § 3582 motion is not . . . a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Although the PSR calculated Underwood's guideline range as 121-151 months, based on a total offense level of 29 and criminal history category of VI, the statutory mandatory minimum of 240 months was his ultimate guideline range. *See* PSR, p. 14, ¶ 102. Underwood was therefore sentenced to the mandatory minimum of 240 months, or twenty years, and any challenge thereto is outside the scope of this motion. *See United States v. Hicks*, 663 F. App'x 299, 302 (5th Cir. 2016) (citing *Dillon v. United States*, 560 U.S. 817, 831 (2010) ("§ 3582(c)(2) does not authorize a resentencing [and] instead, it permits a sentence reduction

within the narrow bounds established by the Commission"); *see also United States v. Benitez*, 822 F.3d 807, 810 (5th Cir. 2016) ("[A] defendant is not eligible for a reduction under § 3582(c)(2) if a qualifying amendment 'does not have the effect of lowering the defendant's applicable guideline range.'") (quoting U.S.S.G. § 1B1.10 (a)(2)(B)).

## CONCLUSION

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence [Doc. #181], pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Jimmie Underwood (02) is hereby **DENIED AND DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** for failure to make a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. 2253(c)(2).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this __13__ day of March, 2018.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE