**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 09-0202-02

VERSUS                                      JUDGE DONALD E. WALTER

JIMMIE UNDERWOOD                            MAGISTRATE JUDGE HORNSBY

<u>**MEMORANDUM ORDER**</u>

Before the Court is a motion for compassionate release filed pro se by the defendant, Jimmie Underwood ("Underwood").  <u>See</u> Record Document 220.  The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Underwood.  The Government opposes Underwood's motion.  <u>See</u> Record Document 226.  Underwood filed a reply to the Government's opposition and the Government filed a sur-reply.  <u>See</u> Record Documents 227 and 229.  Based on the following, the motion for release is **DENIED**.

Underwood was one of three defendants charged in a five-count indictment with conspiracy to possess with intent to distribute methamphetamine and four counts of possession with intent to distribute methamphetamine.  <u>See</u> Record Document 1.  Underwood eventually pled guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of methamphetamine.  On June 3, 2010, Underwood was sentenced by this Court to a term of 240 months of imprisonment and ten years of supervised release.  Underwood is currently housed at the Federal Correctional Institute at Forrest City Medium ("FCI Forrest City") and he has a projected release date of September 2026.

Underwood filed a motion seeking compassionate release based on his assertion that his serious medical history of aneurysm, arthritis, ulcers, Hepatitis C, and having contracted COVID-19, which cause him to continue to experience the long-term post-infection health impacts

associated with the disease, along with his age of 69,[1] constitute extraordinary and compelling circumstances to qualify for compassionate release.  See Record Document 220 at 2.  The Government concedes that Underwood has exhausted his administrative remedies by filing a request through the Bureau of Prisons ("BOP") and that thirty days have elapsed from the date of his initial request with no response thereto.  See Record Document 226 at 4; see also 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . .").

The Government maintains that Underwood's motion fails on the merits.  See Record Document 226 and 229.  The Government contends that Underwood has not established an "extraordinary and compelling reason" for release as the term is defined in Section 3582(c)(1)(A).  See Record Document 226.  The Government further contends that the factors contained in 18 U.S.C. § 3553(a) weigh against Underwood's release.  See id.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. §

---

[1] Underwood acknowledges that his "elderly offender two thirds date by the Bureau of Prisons is November 29, 2022."  Record Document 220 at 2.  Therefore, he admits that he is seeking relief based on "extraordinary and compelling reasons."  Id.

3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody.  See U.S.S.G. § 1B1.13.[2]  However, the Fifth Circuit Court of Appeals recently held that this policy statement

---

[2] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2)  The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)  The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  The comments to Section 1B1.13, which define a key phrase from the compassionate release statute and the policy statement, state:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—

3

does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. §

3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons.  See United

States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi

court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always,

the sentencing factors in § 3553(a)."  Id.  The defendant bears the burden to establish that

circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. §

3582(c)(1)(A)(i).  See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex.

May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for

---

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>    . . .
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The Government accurately asserts that none of Underwood's asserted medical conditions fall within one of the categories specified in the commentary of the policy statement.  While acknowledging that the policy statement is no longer binding on this Court pursuant to Shkambi, the Government argues, and this Court agrees, that the policy statement remains persuasive authority as to what constitutes an extraordinary and compelling reason for compassionate relief. See United States v. Malone, No. 12-146-03, 2020 WL 3065905, at *5 (W.D. La. June 9, 2020) ("The Court agrees that the policy statement provides a helpful framework for compassionate release decisions, but it is not conclusive given the recent statutory changes."); United States v. Bloxom, No. 07-50100, 2021 WL 4134411 (W.D. La. Sept. 10, 2021) ("Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release."). Underwood is not suffering from a terminal illness, nor has he been diagnosed with any of the ailments listed in the comments to Section 1B1.13, such as metastatic solid-tumor cancer, ALS, end-stage organ disease, or advanced dementia.[3]  Furthermore, none of Underwood's conditions substantially diminish his ability to

---

[3] In addition, Underwood has not experienced a serious deterioration in physical or mental health because of the aging process.

provide self-care[4] or are conditions from which he is not expected to recover.[5]  Regardless, even

removing any reference whatsoever to the policy statement or its comments from the analysis, this

Court still cannot conclude that Underwood's conditions qualify as extraordinary and compelling.

His ailments are being managed by the BOP and his conditions in combination with his age simply

do not rise to the level of extraordinary and compelling.

Underwood asserts in his original motion that "several courts have [held] that medical

conditions which render a person uniquely vulnerable to COVID-19 may justify release under §

3582(c)(1)(A)(i)."  Record Document 220 at 5 (citing United States v. Rodriguez, 03-271, 2020

WL 1627331, *7 (E.D. Pa. Apr. 1, 2020)).  Underwood then concludes that "[i]t seems only logical

that the serious medical maladies along with Underwood's age would justify a compassionate

release."  Id.  However, Underwood neglects to mention in this analysis that he has not only already

contracted and survived COVID-19, he has also received both doses of the Moderna vaccine,

which clearly distinguishes his argument from Rodriguez, who was unvaccinated and suffered

from diabetes, hypertension and obesity.  Although Underwood asserts that he is still having

"lingering effects of the initial exposure to the virus," this does not elevate his medical conditions

(in conjunction with his age) to the level of extraordinary and compelling reasons for

---

[4] Underwood does assert that his condition has "diminished his ability to provide self-care within the environment of FCI Forrest City[,]" but he does not clarify in what ways this is true other than simply listing his various ailments, along with his age, and referring to lingering effects from his original COVID-19 diagnosis.  Record Document 220 at 7.

[5] Even if Underwood had requested relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii), he would not have qualified, as that section requires that a defendant be 70 years of age or older, that the defendant have served at least 30 years in prison, and that the BOP make a determination that he is not a danger to the safety of any other person or the community.

compassionate release.[6]   Underwood has simply failed to establish that extraordinary and compelling reasons exist to release him from prison.[7]

Even assuming that Underwood had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a).  Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a).

---

[6] Underwood requests that this Court consider that the after-effects of COVID-19 in combination with his other preexisting conditions "have exacerbated Underwood's situation to meet an extraordinary and compelling reasons to grant relief just as they did in United States v. Arroyo [468 F.Supp.3d 785 (W.D. Tex. 2020)]."  However, in Arroyo, the defendant suffered from "various medical conditions related to his hereditary spherocytosis, which required that Defendant's spleen be removed at an early age" which allegedly resulted in the Defendant being immunocompromised.  Arroyo, 468 F.Supp.3d at 789-90.  Once again, Underwood's medical situation is entirely distinguishable from the case that he cites in support of his argument.

[7] The Court has also looked at the presence of COVID-19 at FCI Forrest City. There are zero inmates and fourteen staff members who are currently testing positive out of 1,491 total inmates. http://www.bop.gov/coronavirus (last updated 9/13/2021).  Two inmates have died from the virus. No staff members have died from the virus.  However, there are 320 inmates and 64 staff who have recovered from the virus.  www.bop.gov/coronavirus (last updated 9/13/21).  Underwood has not shown that inmates are currently not receiving adequate medical attention if they contract the virus.  Additionally, Underwood has not shown that the BOP is currently unable to adequately manage the COVID situation.  This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.  Considering that Underwood has received both COVID vaccine shots and the low number of cases at FCI Forrest City, he has failed to establish the existence of sufficient reasons based on his medical conditions or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief.

The Court finds that Underwood has not demonstrated that he qualifies for compassionate release under these guidelines.  First, as previously mentioned, Underwood was sentenced in this Court for conspiracy to distribute and to possess with the intent to distribute fifty grams or more of methamphetamine.  He committed the instant offense while on supervised probation.  In addition, Underwood has an extensive criminal history, including theft, assault, battery, resisting an officer, attempted simple escape, burglary, and at least one prior drug trafficking conviction (possession with intent to distribute marijuana).  He was 58 years old at the time of his presentence report and he was sentenced to the mandatory minimum term of imprisonment of 240 months.  Underwood's presentence report specifically noted that there were grounds for an upward departure due to the likelihood that Underwood would commit other crimes and that his criminal history category "significantly under-represents the seriousness of the defendant's criminal history."  Moreover, based on his record, which includes numerous instances where his parole or supervised release were revoked, prior sentences were ineffective in deterring the defendant or protecting the community.  In light of these, and other facts, to reduce Underwood's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.  Accordingly, the Section 3553(a) factors weigh against reducing Underwood's sentence.[8]

---

[8] Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk.  The BOP currently has 7,602 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 31,592. https://www.bop.gov/coronavirus/ (last updated 9/15/2021).

For the foregoing reasons, Underwood has not presented extraordinary and compelling reasons justifying his release, and the relevant factors of 18 U.S.C. § 3553 also weigh against his release.  Accordingly, **IT IS ORDERED** that Underwood's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 20th day of September, 2021.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE